STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP 01-29
REC - COM - AP 02-04

CRAIG REYNOLDS and
DIANNE REYNOLDS

        Plaintiffs

    v.

INHABITANTS OF THE TOWN
OF GORHAM

        Defendant

ORDER ON 80B APPEAL

DONALD L. GARBRECHT
LAW LIBRARY

SEP 9 2002

## FACTUAL BACKGROUND

This matter is before the court on a Rule 80B appeal by the plaintiffs from the decision of the Planning Board for the Town of Gorham ("Board"), in which the Board determined, after remand from a decision of this Court (Reynolds v. Inhabitants of the Town of Gorham, AP-01-29 (Me. Super. Ct., Cum. Cty., December 20, 2001) (Warren, J.)), that it had only approved the amendment to Lot 3 of the Riverwood Subdivision and had not approved the final design or construction plan for a proposed trail.

The plaintiffs own Lot 1 in Riverwood Subdivision. S.B. Gorham, Inc. owns Lot 3 in Riverwood Subdivision, which lot abuts the plaintiffs' property. Shaw Brothers Construction, Inc. filed a multi-part application for site plan review that, in part, sought to amend the Riverwood Subdivision to create an easement to be used as a public trail to be developed by Maine Department of Transportation. S.B. Gorham Inc. and Shaw Brothers Construction Inc. have the same two owners, Jon and Dan Shaw. R. 21. Dan Shaw, President of S.B. Gorham, Inc., appeared before the Board on behalf of Shaw Brothers Construction, Inc. On December 20, 2001, the Superior Court (Warren, J.)

remanded the matter to the Board for supplementing the record or, in the alternative, determining that the May 21, 2001 Board approval was limited to the easement across Lot 3.[1] On January 7, 2002, the Board concluded that at the prior meeting on May 21, 2001, the Board only approved the amendment to Lot 3 of the subdivision and not the proposed final design and construction plan. The Plaintiffs seek review of the Board decision alleging that the Board erred in determining that its first decision approved only the easement, rather than approving the actual construction design for a portion of the Mountain Division Trail on the easement.

## DISCUSSION

On remand, the Board concluded at the January 7, 2002 that it had only approved the amendment to the lot in the subdivision in the May 21, 2001 meeting. The plaintiffs argue that although the Board concluded they had not reached a decision on the final trail design or construction plan, the Board did in fact reach such a decision due to the scope of the information considered at the May 21st hearing and the subsequent actions of the Board and its staff. However, the Board concluded explicitly that they have not approved the final design or construction plans for the trail. R. 32. Therefore, both the plaintiffs and defendants are left with that determination. If construction commences on the trail without further approval by the Board or, following an adverse decision by the Board concerning the final design and construction plan approval, the plaintiffs may then seek judicial relief.

---

[1] Justice Warren stated:
> If the Planning Board amends its approval of the subdivision plan amendment to specify that such approval is limited to the creation of an easement and conditions that approval on a requirement that a plan for design and construction of the actual trail across Lot 3 must be submitted for approval in the future, it need not address any issues that are premature in the absence of a design for construction of the trail.

The entry is

The decision of the Town of Gorham Planning Board is AFFIRMED.

Dated at Portland, Maine this 27th day of August 2002.

_____
Robert E. Crowley
Justice, Superior Court

Reynolds v. Inhabitants of the Town of Gorham, AP-01-29 (Me. Super. Ct., Cum. Cty., December 20, 2001) (Warren, J.)

CRAIG REYNOLDS
DIANNE REYNOLDS

vs.

TOWN OF GORHAM
S.B. GORHAM, INC.
SHAW BROTHER'S CONSTRUCTION, INC.

**Plaintiff's Attorney**

MURROUGH H. O'BRIEN, ESQ.
P.O. Box 370
Portland, ME    04112
(207) 774-4130

**Defendant's Attorney**

NATALIE L. BURNS, ESQ. (Town of Gorham)
P.O. Box 4510
Portland, ME 04112
(207) 775-7271

| Date of Entry | |
|---|---|
| 2002<br>Feb. 4 | Received 02-04-02:<br>Summary Sheet filed. |
| "          " | Rule 80B Complaint filed. |
| Feb. 5 | On 2-5-02.<br>Briefing schedule mailed.  Plaintiff's brief and recrod due 3-18-02. |
| Feb. 15 | Received 02-15-02:<br>Defendant Town of Gorham's Motion to Consolidate Actions and Incorporated Memorandum of Law filed. |
| "          " | Defendant Town of Gorham's Proposed Order filed. |
| Feb. 25 | Received 02-22-02:<br>Entry of Appearance of Natalie L. Burns, Esq. on behalf of Town of Gorham filed. |
| March 4 | Received 2-28-02.<br>Order on Motion to Consolidate filed. (Crowley, J.)<br>    There being no opposition, Defendant Town of Gorham's Motion to Consolidate the matters in Docket Numbers AP-01-29 and AP-02-04 are hereby consoliated pursuant to M.R.Civ.42.  This consolidated Rule 80B appeal shall be subject to the following briefing schedule:<br>    1.  Plaintiffs' Brief and Rule 80B record due on March 13, 2002.<br>    2.  Defendant's Brief due 14 days after service of Plaintiffs' Brief. If the Parties-in-Interest choose to file a responsive brief, it will be due at the same time as Defendant's brief.<br>    3.  Plaintiffs' Reply Brief due 14 days after service of Defendant's Brief.<br>Copies mailed Murrough O'Brien, Esq., Natalie Burns, Esq., William Dale, Esq. and John Bannon, Esq. on 3-4-02. |
| March 13 | Received 03-13-02:<br>Plaintiffs' Brief filed. |
| "      " | Plaintiffs' Record filed. |